FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 4 2022

TAMMY H. DOWNS, CLERK
By: KHaup
       DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DESTANY TANKERSLEY, BRANDON HILL, AND**
**AMANDA PINCKARD, individually and on behalf**
**Of all others similarly situated**                     **PLAINTIFFS**

V.         CASE NO. 4:22-CV-696-BSM

**BAILEY'S SUPER STORE, INC. AND**
**DENNIS BAILEY**                                        **DEFENDANTS**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Destany Tankersley, Brandon Hill, Amanda Pinckard, individually and on behalf of all others similarly situated, by and through their attorneys Stewart Whaley and Chris Burks of WH LAW, for their Class and Collective Action Complaint against Bailey's Super Store, Inc., they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiffs individually and on behalf of all other hourly-paid employees employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs and other hourly-paid employees lawful minimum wage and overtime compensation for hours worked in excess of forty (40) hours per week.

This case assigned to District Judge Miller
and to Magistrate Judge Ervin

3. Plaintiffs Tankersley and Pinckard also bring this action under Arkansas Last Paycheck Act, Ark. Code Ann. § 11-4-405, for monetary damages, prejudgment interest, penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period, as a result of Defendants' failure to pay Plaintiffs their wages earned prior to their discharge from employment, after Plaintiffs made lawful demand upon Defendants for the payments they are owed.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiffs' claims under the AMWA and Arkansas Last Paycheck Act form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

7. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

8. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

10. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

11. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

### III. THE PARTIES

12. Plaintiffs repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiff Tankersley is a resident and citizen of Dallas County.

14. Plaintiff Hill is a resident and citizen of Dallas County.

15. Plaintiff Pinckard is a resident and citizen of Dallas County.

16. Plaintiffs were employed by Defendants as hourly-paid employees within the three years relevant to this lawsuit.

17. At all material times, Plaintiffs have been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

18. Defendant Bailey's Super Store, Inc. is a for profit corporation, registered and licensed to do business in the State of Arkansas.

19. Defendant Bailey's Super Store, Inc.'s registered agent for service of process in Arkansas is Dennis Dolon Bailey, located at Hwy. 79-167B Intersection By-Pass, Fordyce, AR 71742.

20. Defendant Dennis Dolon Bailey is a principal, director, and/or operator of the company.

21. Defendants Bailey's Super Store, Inc. and Dennis Bailey are jointly an "employer" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective, and had more than five (5) employees at all relevant times within the past 3 years.

22. Defendant Bailey's Super Store, Inc. operates liquor stores and service stations providing retail products to consumers, such as beverages, fuel, and snacks.

23. During the time period relevant to this case, Plaintiffs Tankersley and Pinckard were employed at Defendants' Exxon gas station and convenience store.

24. During the time period relevant to this case, Plaintiff Hill was employed at Defendants' Bailey's Bottle Shoppe.

25. Defendant Bailey's Super Store, Inc. has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as tobacco, beverages, and snacks.

26. Defendant Bailey's Super Store, Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

### IV. FACTUAL ALLEGATIONS

27. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

28. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendants as hourly-paid employees.

29. Plaintiffs and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

30. Plaintiffs and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

31. While working their shifts, Plaintiffs were required to clock out for lunch breaks. Plaintiffs were not paid for the periods that they were not on the clock.

32. Defendants did not allow Plaintiffs to take their breaks even though they were off the clock. Instead, Defendants required them to work through their breaks, waiting on customers, stocking shelves, cleaning, and performing their regular duties.

33. Plaintiffs ultimately worked many hours each week that they were not paid for, as a result of being required to work through their breaks even though they were off the clock and not being paid.

34. As a result of this off-the-clock time, Plaintiffs were not paid one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

35. As a result of this off-the-clock time, Plaintiffs were not paid a lawful minimum wage for all hours they worked under forty (40) in a workweek.

36. Additionally, Plaintiffs Hill and Tankersley were paid for any overtime hours they worked on the clock (not including their off the clock time) in cash only.

37. As a result of Defendants paying Plaintiffs' overtime hours in cash, their overtime payments were calculated incorrectly, and appropriate taxes and Social Security payments were not deducted.

38. Plaintiffs worked for Defendants at Defendants' gas station/convenience store and liquor store.

39. Defendants' pay practices were the same for all hourly workers at its gas stations/convenience stores and liquor stores.

40. Defendants knew or showed reckless disregard for whether the way they paid Plaintiffs and other hourly-paid employees violated the FLSA and AMWA.

41. Defendants' hourly-paid employees were classic sales associates and cashiers who handled stock and sold fuel, automobile lubricants, tobacco, and beverages to customers.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

### A.  FLSA § 216(b) Class

42. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

43. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Plaintiffs bring their FLSA claims on behalf of all hourly-paid employees employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.  Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B.  Liquidated damages; and

C.  Attorneys' fees and costs.

45.  The relevant time period dates back three years from the date on which Plaintiffs' Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46.  The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.  They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.  They were paid hourly rates;

C.  They recorded their time in the same manner;

D.  They were required to work through their lunch breaks and were not paid for this off-the-clock time; and

E.  They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

47.  Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

48.  Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiffs are available from Defendants, and a Court-approved Notice should be

provided to the FLSA collective action Plaintiffs via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B.  AMWA Rule 23 Class

49.  Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50.  Plaintiffs propose to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

51.  Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' requiring its employees to work off-the-clock during their breaks, Defendants paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

52.  Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

53.  The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair

competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

54. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

55. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

56. Concentrating the litigation in this forum is highly desirable because Defendants' retail stores are based in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

57. No difficulties are likely to be encountered in the management of this class action.

58. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as hourly-paid employees for Defendants and experienced the same violations of the AMWA that all other class members suffered.

59. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

60. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

61. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

62. Plaintiffs repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

64. During the period relevant to this lawsuit, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

65. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs a lawful minimum wage for all hours worked under forty (40) in each one-week period, as well as an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

66. Defendants' failure to properly pay overtime wages to Plaintiffs stems from Defendants' acts of illegally forcing Plaintiffs to work through their scheduled break times, requiring them to accrue off-the-clock time that they were not paid for.

67. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

68. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

69. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

70. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

71. Plaintiffs bring this collective action on behalf of all hourly-paid employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

72. Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

73. During the period relevant to this lawsuit, Defendants classified Plaintiffs and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

74. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated a lawful minimum wage for all hours worked under forty (40) in each one-week period, as

well as an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

75. In the past three years, Defendants have employed hundreds of hourly-paid employees.

76. Like Plaintiffs, these hourly-paid employees regularly worked more than forty (40) hours in a week.

77. Defendants failed to pay these workers at the proper minimum wage and overtime rate.

78. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked through their breaks and accrued off-the-clock time.**

79. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

80. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

81. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
## (Individual Claims for Violation of the AMWA)

82.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

83.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

84.   At all relevant times, Defendants were jointly Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

85.   Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum wage of not less than nine dollars and twenty-five cents ($9.25) per hour beginning January 1, 2019; a rate of not less than ten dollars ($10.00) per hour beginning January 1, 2020; and a rate of not less than eleven dollars ($11.00) per hour beginning January 1, 2021.

86.   Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

87.   Defendants failed to pay Plaintiffs all minimum wage and overtime wages owed as required under the AMWA.

88.   Defendants' failure to properly pay minimum wages and overtime wages to Plaintiffs stems from Defendants' acts of illegally forcing Plaintiffs to work through their break times, causing them to accrue off-the-clock time that they were not paid for.

89.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

90. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

91. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

92. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

93. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

94. At all relevant times, Defendants have been and continues to be the "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

95. Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum wage of not less than nine dollars and twenty-five cents ($9.25) per hour beginning January 1, 2019; a rate of not less than ten dollars ($10.00) per hour beginning January 1, 2020; and a rate of not less than eleven dollars ($11.00) per hour beginning January 1, 2021.

96. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless

an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

97. Defendants failed to pay Plaintiffs and members of the proposed class all minimum wage and overtime wages owed as required under the AMWA.

98. Defendants' requiring Plaintiffs to work through their break times, even though they were off the clock, resulted in a failure to pay Plaintiffs and members of the proposed class full and complete overtime during weeks in which Plaintiffs and members of the proposed class worked more than forty (40) hours.

99. Plaintiffs propose to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked through their breaks and accrued off-the-clock time.**

100. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

101. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

102. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. FIFTH CLAIM FOR RELIEF
(Individual Violations of the "Last Paycheck" Rule)

103. Plaintiffs repeat and re-allege all preceding paragraphs of this Complaint as if fully set forth in this section.

104. Plaintiff Tankersley was an employee of the Defendants until July 6, 2022, when Plaintiff was discharged by the Defendants. Defendants has not provided Plaintiff with her final paycheck, in violation of Ark. Code Ann. § 11-4-405. Plaintiff made lawful demand to Defendants for payment of her last paycheck after her discharge from employment.

105. Plaintiff Pinckard was an employee of the Defendants until April 2021, when Plaintiff was discharged by the Defendants. Defendants has not provided Plaintiff with her final paycheck, in violation of Ark. Code Ann. § 11-4-405. Plaintiff made lawful demand to Defendants for payment of her last paycheck after her discharge from employment.

106. As of the date of this filing, which is now beyond seven days past the date of Plaintiffs' discharges from employment by Defendants, Defendants have yet to pay Plaintiffs their last paychecks. Pursuant to Ark. Code Ann. § 11-4-405(a)(2), Plaintiffs are entitled to recover wages from the date of their respective discharges from employment, continuing forward for each day for sixty (60) days, to be paid at the same rate as if Plaintiffs were still employed by Defendants.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully pray that Defendants be summoned to appear and to answer herein as follows:

(A) That Defendants be required to account to Plaintiffs, the class, and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages equal to compensation owed to Plaintiffs Pinckard and Tankersley for their last paychecks and wages for each of the sixty (60) days after the termination of Plaintiffs' employment pursuant to the Arkansas "Last Paycheck" rule, Ark. Code Ann. § 11-4-405;

(F) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(G) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(J) An order directing Defendants to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(K) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Destany Tankersley, Brandon Hill, and Amanda Pinckard, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: Chris Burks (ABN: 2010207)
chris@wh.law
Stewart Whaley (ABN: 2009084)
stewart@wh.law