# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DESTANY TANKERSLEY,                                                                                   PLAINTIFFS
BRANDON HILL, and AMANDA
PINCKARD, individually and on
behalf of all other similarly
situated

v.                         CASE NO. 4:22-CV-696 BSM

BAILEY'S SUPER STORE, INC.
and DENNIS BAILEY                                                               DEFENDANTS

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS

Plaintiffs Destany Tankersley, Brandon Hill, and Amanda Pinckard and Defendants Bailey's Super Store, Inc. and Dennis Bailey by and through their undersigned counsel, jointly submit the following Joint Motion to Approve Settlement and Dismiss:

1.     On July 19, 2022, Plaintiffs' initiated this action. *See* ECF No. 1. alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.; the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, et seq; and the last Pay Check Rule. *See* ECF No. 1. More specifically, Plaintiffs alleged that Defendants failed to pay overtime premium for hours worked in excess of 40 in each week, failed to pay for lunch breaks, paid some wages in cash and failed to pay the final paycheck.

2.     Defendants dispute that Plaintiffs were not properly compensated for all hours worked, thereby creating a bona fide dispute as to wages owed. Defendants specifically disputes that Plaintiffs were not paid for overtime, that Plaintiffs were paid wages in cash and Plaintiffs were forced to work through breaks or not paid for breaks.

3.     At a settlement conference with Magistrate Ervin, and following extensive negotiations between counsel and the exchange of relevant documents, the parties

entered into a Settlement Agreement and Release (Settlement Agreement) resolving the litigation in full and now request dismissal of Plaintiffs DESTANY TANKERSLEY and BRANDON HILL's Complaint captioned above with prejudice. A copy of the Settlement Agreement is attached to this Motion as **Exhibit A**.

4. The parties request that Separate Plaintiff AMANDA PINCKARD's Complaint captioned above be dismissed without prejudice as she did not attend and did not participate in the settlement conference.

5. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, Defendants request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are generally subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* While the Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

5. Here, the proposed settlement between the parties represents a fair and equitable compromise of a bona fide wage and hour dispute. The settlement follows litigation, including the disclosure of pay records, by experienced counsel representing both parties. The parties engaged in settlement negotiations through opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

6. The parties have determined that it is in their mutual interest to resolve the litigation without a trial and in the manner set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendants' defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiffs have specifically considered the potential value of their claims and have concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendants support this result because it eliminates the uncertainties, risks, and costs of further litigation.

7. Defendants fiercely dispute the hours alleged by Plaintiffs to have been worked in each week, as well as their entitlement to overtime compensation. Few records exist as to Plaintiffs' exact hours worked other than the timeclock records of Defendants, which support Defendants' position. Plaintiffs' did not keep contemporaneous records of their hours. Under the terms of the settlement, Plaintiffs are receiving an amount that compensates them for some amount of overtime and part of the final paycheck of Plaintiffs. The settlement amount is more than reasonable given Defendants' position that Plaintiffs were paid for all overtime worked over 40 hours per week, were not paid in

cash and were not forced to work through breaks, which would bar any recovery for their claims in this case.

8. The FLSA provides for an award of reasonable attorney fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney[] fee to be paid by the defendant, and costs of the action."). Courts value the private settlement of attorney fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019). Also, a stipulated agreement of attorney fees in private settlement is afforded more deference than in a disputed case. *See Melgar v. OK Foods, Inc.*, 902 F.3d 775, 778-80 (8th Cir. 2018) ("where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorney[] fees."). The attorney fees to be paid to Plaintiffs' counsel were negotiated separate from Plaintiffs' claims with the Magistrate Judge at the settlement conference, after the Parties executed the Settlement Agreement, and had no effect on the amount Plaintiffs received. Plaintiff's counsel's declaration regarding not taking a contingency fee is attached to this motion as **Exhibit B**. Thus, this proposed resolution sufficiently closes all matters before the Court and warrants dismissal.

9. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Separate Plaintiffs Tankersly and Hill's Complaint in this action and separate Plaintiff Pinkard's Complaint without prejudice. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss separate Plaintiffs Hill and Tankersly claims with prejudice and Pinkard's claims without prejudice.

WHEREFORE, Plaintiff and Defendant jointly request that the Court enter an order approving the Settlement Agreement; dismissing this lawsuit in its entirety, with prejudice as to Plaintiffs' Hill and Tankersly and without prejudice as to Plaintiff Pinkard; and granting them all other relief to which they are entitled.

Respectfully Submitted,

Chris Burks (Ark Bar No. 2010207)
WH LAW | WE HELP
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000
chris@wh.law
**ATTORNEY FOR PLAINTIFFS**

and

Danny R. Crabtree (2004006)
10201 W. Markham, Ste. 328
Little Rock, AR 72205
(501) 372-0080
danny@crabtreelawar.com
**ATTORNEYS FOR DEFENDANTS**